### *In re* LIMITATION OF TAXATION.

1. Const. art. 11, § 1, provides that the legislature shall provide for an annual tax to defray the ordinary expenses of the state for each year, not to exceed in any one year two mills on each dollar of the assessed valuation; and whenever such ordinary expenses shall exceed the income of the state for such year, the legislature shall provide for levying a tax for the ensuing year, sufficient, with the other sources of in-

come, to pay the deficiency of the preceding year, together with the expenses of such ensuing year; and for the purpose of paying the public debt the legislature shall provide for levying a tax annually, sufficient to pay the annual interest and the principal within 10 years, provided that the annual tax for the payment of the interest and principal of the public debt shall not exceed in any one year two mills on each dollar of the assessed valuation. *Held*, that the provision relates to three distinct items of taxation: (1) The annual tax for "the estimated ordinary expenses of the state;" (2) taxation to pay deficiencies from preceding years; (3) taxation to pay the public debt.

2. The legislature is limited to a two-mill tax for the first and third items mentioned; but when a deficiency is shown to exist, resulting from the excess of ordinary expenses over the fund available for that purpose, the legislature has power to levy an assessment sufficient to meet the deficiency, without regard to the two-mill limitation, and the money raised for such deficiency must be used exclusively for its payment, and cannot be diverted to any other use.

3. Const. art. 11, section 8, provides that "no tax shall be levied, except in pursuance of law, which shall distinctly state the object of the same, to which the tax only shall be applied." Art. 12, section 2, provides that "the general appropriation bill shall embrace nothing but appropriations for ordinary expenses of the executive, legislative, and judicial departments of the state, the current expenses of state institutions, interest on the public debt, and for common schools. All other appropriations shall be made by separate bills, each embracing but one object, and shall require a two-thirds vote of all the members of each branch of the legislature." *Held*, that the two-mill limitation applies only to the items embraced within the "general appropriation bill," which items constitute the "ordinary expenses," within the meaning of article 11, section 1, but as to "all other appropriations" to meet the extraordinary expenses of the state the legislative power is controlled only by their sense of justice, as expressed by a two-thirds vote of all the members of each house.

4. A law providing for the levy of a tax for an extraordinary expense must clearly state its object, and the tax so raised cannot be diverted to any other use.

(Syllabus by the Court. Opinion filed Jan. 14, 1893.)

An opinion of the judges of the supreme court as to the limits of taxation under the constitution of South Dakota.

Supreme Court Chambers.

Pierre, January 14, 1893.

His Excellency, C. H. Sheldon, Governor of South Dakota.

Sir: We have the honor to acknowledge the receipt of your communication under date January 7, 1893, in which you propound

the following question for our consideration, viz.: Has the legis-
lature the constitutional power to, provide by law for a tax, under
any circumstances, in excess of two mills on each dollar of the
assessed valuation of all taxable property in the state? In an-
swer to which we would respectfully submit the following:

Article 11, § 1, of the constitution, under the head of "Revenue
and Finance," provides that "the legislature shall provide for an
annual tax sufficient to defray the estimated ordinary expenses of
the state, for each year, not to exceed in any one year two mills
on each dollar of the assessed valuation of all taxable property in
the state, to be ascertained by the last assessment made for state
and county purposes; and whenever it shall appear that such or-
dinary expenses shall exceed the income of the state for such year,
the legislature shall provide for levying a tax for the ensuing year,
sufficient, with other sources of income, to pay the deficiency of
the preceding year, together with the estimated expenses of such
ensuing year; and for the purpose of paying the public debt the
legislature shall provide for levying a tax annually, sufficient to
pay the annual interest and the principal of such debt within ten
years from the final passage of the law creating the debt; provided,
that the annual tax for the payment of the interest and principal
of the public debt shall not exceed in any one year two mills on
each dollar of the assessed valuation of all taxable property in the
state, as ascertained by the last assessment made for the state and
county purposes." This section relates to three different and dis-
tinct items of taxation:   First, the annual tax for defraying the
estimated ordinary expenses of the state; second, taxes to pay de-
ficiencies existing from preceding years; third, taxation for the
purpose of paying the public debt.  For the payment of the esti-
mated ordinary expenses of the state the tax shall not exceed in
any one year two mills on the dollar of the assessed valuation of all
taxable property as shown by the last preceding assessment.  It
will be observed that the first and primary duty imposed upon the
legislature by this section is to provide by annual tax for the "esti-
mated ordinary expenses of the state," and this tax must not ex-
ceed a two-mill rate.  This provision presupposes that a careful
estimate will be made of the amount required to meet the neces-

sary and ordinary expenses of the state for the ensuing year, and that a two-mill tax would, in the opinion of the makers of the constitution, be sufficient, in general, to meet such expenses; but, in view of contingencies always possible, such as unanticipated expenses, inability, general or partial, from exceptional cause, of taxpayers to pay the taxes assessed against them or inadvertence or error in judgment of those making the estimate, this provision limiting the rate to two mills was supplemented by further providing, in the second clause of said section, that if the actual ordinary expenses of the state in any year had really exceeded its income, then that such deficit might be provided for by the legislature by requiring, if necessary, a levy for such purpose. It was, and is, doubtless, the theory of the constitution that a two-mill rate would ordinarily be sufficient to meet the current expenses of the state; and the additional provision, authorizing the legislature to provide for a deficiency, after it had actually occurred, was intended to be resorted to only in an exigency, and to save and protect the good name and credit of the state; but when such exigency really exists the legislature has power to meet it. This provision, however, does not extend beyond this deficiency. A deficiency must be shown to exist for a given year, and the bill must be definitely directed to pay this deficiency. The money thus raised must be used exclusively to the payment of it, and cannot be diverted to any other purpose. The money, when so raised, is a sacred fund, and must be so held. When the purpose is to pay the public debt, the legislature shall provide for levying an annual tax sufficient to pay the annual interest and the debt within 10 years. This tax, like the one for the estimated ordinary expenses, is limited to two mills on the assessed valuation of property. There seems to be no ambiguity or room for any misconstruction as to the first and third clauses of this section. The words and meaning are capable of but one construction; that is, taxation for the estimated ordinary expenses of the state, and taxation for the payment of interest and principal on the public debt, are limited to two mills annually for each. The second is nearly equally clear. The constitution makers evidently foresaw that an emergency might arise in providing for enough revenue for the ordinary ex-

penses of the state under a two-mill levy, and in their wisdom provided that whenever a deficiency existed in making provision for the ordinary expenses such deficiency could be met by the levy and assessment of an amount sufficient to pay it, without regard to the two-mill limitation.

This, we think, answers your inquiry as to the ordinary expenses of the state, mentioned in the constitutional section referred to, but leaves unnoticed the authority of the legislature to provide for extraordinary and exceptional expenses. The power of taxation is legislative in character, and as such resides in the organized legislature of the state. Except as limited by constitutional restriction, such legislative power to tax is controlled only by the judgment, the patriotism, and sense of right and justice of the representatives of the people in such legislature assembled. As we have already seen, the constitution has limited the authority of the legislature to impose a tax for the ordinary expenses of the state, but it has also recognized the possible necessity for other expenses, not ordinary, to which such restriction does not apply. The "ordinary expenses" of the state are practically defined in section 2, art. 12 of the constitution, and are the "ordinary expenses of the executive, legislative, and judicial departments of the state, the current expenses of state institutions, interest on the public debt, and for common schools." To meet these ordinary expenses, appropriation may be made by one general appropriation law, passed by the usual majority vote; but to meet extraordinary expenses each object of appropriation must be the subject of an independent and separate bill, passed by a two-thirds vote. We regard this plainly marked distinction between ordinary and extraordinary expenses, and the extreme carefulness with which the constitution has undertaken to guard the taxpayers and the public treasury against hasty and ill-advised outlays for extraordinary expenses, as peculiarly significant in construing the constitutional provisions involved in your inquiry. As to the ordinary current expenses of the state, which can be each year estimated with close approximation to correctness, excessive taxation is provided against by a fixed maximum rate; but probably no constitution could safely provide an arbitrary limit to taxation

for extraordinary and emergency cases, for no constitutional convention could possibly anticipate what such case might be. It might be to protect the people of the state, by extreme and unusual means, against an approaching pestilence, or to make temporary provision for the patients of the insane hospital, unhoused and scattered by a devastating fire, or for any other exceptional and extraordinary object essential to the welfare of the state. Such expenses would be, confessedly, extraordinary and unusual, but because of the impossibility of anticipating such extraordinary contingencies, and the consequent impracticability of fixing in advance an arbitrary and inexorable rule for the limitation and control of taxation necessary to meet them, the constitution attempts to furnish an adequate restriction and protection in the requirement that no bill appropriating money for an extraordinary purpose can become a law without the support of two-thirds of all the members of each house. Whether or not to provide an annual tax sufficient to defray the estimated extraordinary expenses of the state is not left to the discretion of the legislature, but is plainly written in the constitution as an imperative duty; but whether to provide for some extraordinary and exceptional expense is, we think, left to the wisdom and judgment of the legislature, subject always to the condition that no money shall be appropriated from the state treasury for such purpose except upon the approval and favorable vote of two-thirds of the members of each house. This was doubtless regarded by the framers of the constitution as an adequate guaranty against an unwise or imprudent use of the public funds,—a rule sufficiently flexible to meet emergencies, yet safe and trustworthy, because resting in the conscience and enlightened judgment of so large a proportion of the people's immediate representatives. The authority of the state to raise money for a specific purpose not included in the "ordinary expenses" of the state seems to be recognized in section 8, art. 11, of the constitution, which provides that "no tax shall be levied except in pursuance of a law, which shall distinctly state the object of the same, to which the tax only shall be applied." Finding nothing in the constitution forbidding it, we are of the opinion that it is within the constitutional power of the

legislature to direct by law the levy of a tax for the purpose of meeting any valid, proper, and reasonable extraordinary expense which commends itself to their good judgment. The law providing for such tax must clearly and distinctly state its object, and the tax so raised cannot be diverted to any other use.

We have the honor to be, very respectfully, your obedient servants,

JOHN E. BENNETT, P. J.,

DIGHTON CORSON,

A. G. KELLAM.

Judges of the Supreme Court, State of South Dakota.